## FIRST NATIONAL BANK v BRADFORD

Ohio Appeals, 1st Dist, Hamilton Co

No 5102.    Decided Oct 13, 1936

Charles C. Boyle, Cincinnati, for appellant.

Tatgenhorst & Lytle, Cincinnati, for appellee.

## OPINION

By MATTHEWS, J.

This is an appeal from a judgment of the Common Pleas Court of Hamilton County against the executor of the last will of Barbara Mohr, deceased, for $1059.00

for board, lodging, and nursing of the decedent.

The petition set forth a cause of action upon an express contract whereby decedent expressly agreed to pay $4.00 per week without any stipulation as to the duration of the contract. An amended petition was filed in which a recovery was sought upon a quantum meruit and the allegation therein was that the board, lodging, and nursing were reasonably worth $4.00 per week. In both the petition and amended petition it was alleged that the board, lodging, and nursing were furnished and performed from October 1st, 1920 to October 1st, 1929.

The action was commenced on August 30th, 1934.

The executor admitted its representative capacity and that a claim had been duly presented to it, and denied generally all other allegations. In addition, it alleged the affirmative defense of the statute of limitations.

We find from a reading of the bill of exceptions that there was substantial evidence that board, lodging, and nursing were furnished and performed under such circumstances as to raise an implied promise to pay the reasonable value therefor. There is also substantial evidence tending to disprove the plaintiff's claim. Under such circumstances, the court would not be justified in disturbing the verdict of the jury on that issue.

But on the issue of the statute of limitations the record clearly shows that the six year period from the time of the performance of the service applied.

The trial court submitted to the jury the issue of whether this contract was continuous or from term to term, and instructed it that if it found the former the statute had no application, but that if it found the latter, recovery could be awarded only for the six year period preceding the institution of the action.

We believe the evidence is conclusive that the intent was that payment was to be made prior to the final termination of the board, lodging, and nursing. Indeed, the plaintiff in her petition gave the decedent credit for a payment of $95.00 in the year 1927. Her witnesses testified to demands made upon the decedent for payment long before the final termination of the lodging, board, and nursing. Furthermore, the plaintiff's husband was called by her as a witness, and he testified that there was an express contract to pay $4.00 per week with

no provision for the duration of the contract.

There was no countervailing evidence.

In 17 R.C.L., 797, it is stated:

"But where the matters specified in the claim are the outgrowth of an entire contract for continuous labor or services, the demand will be considered as an entire one and the statute will not attach until the completion of the contract. In the case, however, of a hiring of services, without agreement as to term or amount of compensation, and in the absence of evidence of payments, it is declared that the law will not, under such circumstances, imply an agreement that compensation shall be postponed until the termination of the employment."

In **Rudy v Rudy, 14 C.C. (n.s.) 545,** relied on chiefly by appellee, the action was on an express contract to pay for services "but no time for payment nor amount of payment agreed upon, nor was there at any time any agreement as to how long the performance of such work and services should continue." It seems clear to us that case is clearly distinguishable from the case at bar, which is either one in which no express contract was made or one in which it was expressly agreed that the compensation should be a stipulated amount ($4.00) for the term of one week. **Snider, Exr. v Rollins, 102 Oh St, 372,** also relied upon, simply states the rule that if the contract in entirety is continuous the statute would not begin to run until the entire service was performed but that if it was a contract from day to day, month to month, or year to year, it would be subject to the six year limitation from the end of each day, month, or year, as the case might be. The jury decided the fact and the court sustained its finding without informing us of the evidence. The case is, therefore, of not much assistance in this case.

We hold that the statute of limitations barred a recovery upon all ▮▮▮▮▮ ▮ that part of plaintiff's claim antedating the 30th day of August, 1928.

We find no other error prejudicial to the appellant.

It is urged that the uncontradicted evidence shows that the contract of the decedent was with appellee's ▮▮▮▮▮ ▮ husband. We do not think the evidence compels this conclusion. From the testimony of appellee's husband, the jury could have concluded that the decedent made an express contract whereby he agreed to furnish the board, lodging, and nursing, and that she agreed to pay him $4.00 per week therefor. But this evidence is susceptible of the construction that he was speaking for the appellee and that the contracting parties were the appellee and the decedent.

It should be noted that the evidence is that it was the appellee and not her husband who performed the service, and unless it appeared that in so doing she was knowingly performing an obligation of the husband, she would be entitled to reasonable compensation from the person receiving the benefit. If there was a contract between the husband and the decedent, whereby he agreed to furnish board, lodging, and nursing, there is very little evidence that the appellee knew about it, and if she did not her rights could not be affected by it.

It should also be noted that during most of the time within the statutory period of limitations, the appellee was divorced from her husband and during that time neither she nor the decedent could have considered that in furnishing the board, lodging, and nursing she was performing an obligation entered into by her former husband. These circumstances tend to disprove that the husband was the contracting party.

As this case must be remanded for a new trial, it should be observed that the court placed the entire burden of proof upon the appellee. While the issue of the statute of limitations was submitted to the jury, at no place did the court expressly refer to the burden of proof on that issue. If the evidence is conflicting on that issue, on the retrial the jury should be ▮▮▮▮▮ ▮ told that the defendant has the burden of proving it. It is an affirmative defense. **25 Ohio Jur. 646;** 17 R.C.L., §385, pp. 1003, et seq.

For these reasons, the judgment is reversed and the cause remanded for further proceedings according to law.

ROSS, PJ, concurs.