RAINEY, APPELLEE, v.
SHAFFER, APPELLANT.

(No. 9-116—Decided January 28, 1983.)

Mr. James D. Stoneman, for appellee.
Mr. J. Melvin Andrews, for appellant.

HOFSTETTER, P.J. In April 1980, plaintiff-appellee, Cindy Rainey, worked for Elaine Powers. Sometime in the middle of that month, while still employed by Elaine Powers, appellee applied for a position at Diamond Shamrock. She listed her past employer, Bobbie Brooks, as a reference. The reference check was conducted by a Ms. Keever. Appellee was not hired for that position.

Some time after her rejection by Diamond Shamrock, appellee asked Pamela Johnson, her supervisor at Elaine Powers, to conduct a reference check for her by contacting appellant, her former supervisor at Bobbie Brooks. Johnson conducted the reference check.

In checking appellee's employment references, both Diamond Shamrock and Elaine Powers contacted Jan Shaffer, defendant-appellant. On each occasion, appellant allegedly gave an unfavorable reference, although, in the case of the Elaine Powers check, appellant clearly made some positive statements regarding appellee. Regarding the check, Keever remembered only that there was "something about dishonesty," but "if it was said, I probably put it on this piece of paper" (which paper no longer existed). Johnson remembered only that appellant ·stated "something was not right with the store" and that appellee "had something to do with it, but * * * could not prove this to be true." On a notecard used by Johnson during her reference check was written the word "stealing." Johnson testified, however, that appellant never used that term.

Appellant acknowledged that she did not give appellee a positive reference. She stated that she informed each inquirer that appellee was "irresponsible and untrustworthy" and that, while appellee

worked for her, "the books weren't straight." Appellant testified that this information was provided in response to questions asked by the reference checkers.

On April 24, 1981, appellee filed a complaint in the Court of Common Pleas of Lake County alleging that appellant had slandered her in her responses to requests for employment references. The matter came on for hearing on April 2 and 7, 1982. On April 28, 1982, the trial court entered judgment awarding appellee $2,500 compensatory damages and $2,500 punitive damages.

Appellant presents six assignments of error. Since the first and fifth involve the same issue, they will be discussed together:

"I.  The trial court erred to the prejudice of defendant in not applying the statute of limitations to the employment reference made by defendant to the Diamond Shamrock Corporation."

"V.  The trial court erred to defendant's prejudice in placing upon defendant the burden of proving, with particularity, the date upon which the alleged slanderous utterances were made."

In her amended answer, filed on October 23, 1981, appellant alleged that appellee's action was barred by the statute of limitations. The burden of proving that defense was upon the appellant. *First Natl. Bank* v. *Bradford* (App. 1936), 23 Ohio Law Abs. 178.

R.C. 2305.11(A) establishes a one-year statute of limitations for the commencement of an action in slander. The statute begins to run from the time the alleged slanderer's words were spoken, whether the plaintiff had knowledge or not. *Pearl* v. *Koch* (1894), 5 Ohio Dec. 5, 32 W.L.B. 52.

In the instant case, appellee filed her complaint on April 24, 1981. At trial, the date of the alleged slander of appellee by appellant to the employee of Diamond Shamrock could not be pinpointed. The bulk of the testimony was to the effect that the remarks took place in mid-April. Although several different dates were brought up, the trial court concluded that the most accurate conclusion to be arrived at from all the testimony was that the alleged slander had taken place sometime before April 29, 1980. This conclusion has support in the record. Thus, the appellant was unable to establish by a preponderance of the evidence that the statute had run.

Appellant's first and fifth assignments of error are without merit.

Appellant's second assignment of error states:

"The trial court erred to the prejudice of defendant in not finding the employment reference made to Pam Johnson, which was procured at the instigation and request of plaintiff, was legally insufficient to support plaintiff's action for slander."

Appellant challenges the manner in which appellee became aware of the alleged slander. Appellant directs this court's attention to the following excerpt from 50 American Jurisprudence 2d (1970) 655, Libel and Slander, Section 149:

"It is generally held that a publication of a libel or slander is insufficient to support an action for defamation if it is invited or procured by the plaintiff, or by a person acting for him in the matter."

Arguing that this general proposition ought to be given effect under Ohio precedent, appellant cites *Ely* v. *Borck* (1916), 7 Ohio App. 49. That case, however, is distinguishable. It involved a situation wherein plaintiff requested defendant to republish a slander in the presence of a third party absent at the time of the initial publication. This "slander in the republication setting" appears to be the focus of appellant's American Jurisprudence 2d reference. More pertinent to the instant case is the following statement made later in that discussion:

"* * * [I]t has been held that if the plaintiff merely instigates or sets on foot inquiries for the purpose of ascertaining

the source of evil reports, in order that they may be counteracted, or for any other purpose, and not for the purpose of predicating an action for damages in his own behalf, he is not estopped thereby from maintaining such an action. So also, the plaintiff may in good faith make inquiry through a third person of the defendant whether he has made a slanderous charge against the plaintiff, and if the defendant in malice reiterates the charge in reply, the words spoken at that time are actionable; but if the inquiry is made as a trick for the purpose of inducing the defendant to utter a slander, the words elicited are not a ground of action." 50 American Jurisprudence 2d 657, Section 150.

Although appellee took advantage of Johnson's ability to elicit a reference check from appellant, the record is devoid of evidence that this was done with the intent to bring suit or to trick appellant into slandering appellee. Appellee had been turned down by Diamond Shamrock after what she regarded as a successful interview. She requested Johnson to conduct a reference check with appellant in order to determine whether she was being fairly evaluated. According to 3 Restatement of Torts 2d (1977) 242, Section 584:

"An honest inquiry or investigation by the person defamed *to ascertain the existence, source,* content or meaning of a defamatory publication is not a defense to an action for its republication by the defamer." (Emphasis added.)

Appellant's second assignment of error is, therefore, without merit.

Appellant's third, fourth, sixth, seventh, and supplemental assignments of error involve related issues and will be discussed together.

"III. The trial court erred to defendant's prejudice in granting judgment in plaintiff's action for slander 'per quod' in the absence of proof of loss of employment or other special damages by the plaintiff."

"IV. The trial court erred to defendant's prejudice in granting punitive damages in the absence of evidence of actual damages by the plaintiff."

"VI. The trial court erred to defendant's prejudice in not granting defendant's motion for dismissal at the close of plaintiff's evidence for reasons set forth in defendant's preceding assignments of error."

"VII. The trial court erred to defendant's prejudice in granting final judgment to the defendant for reasons set forth in defendant's preceding assignments of error."

"Supplemental. The court erred to defendant's prejudice in finding defendant's utterances, in response to employment reference requests concerning a subordinate former employee, were not privileged and that such utterances were actionable."

In an action for slander the nature of the damage to be awarded is determined by the type of slander involved; that is, whether it is slander *pe se* or slander *per quod.* Slander *per se* means that the slander is accomplished by the very words spoken. Slander *per quod,* on the other hand, means that the slander results from the listener's interpretation of the words through innuendo.

In an action for slander *per se,* general compensatory damages will be presumed. But, when the slander is actionable *per quod,* general compensatory damages must be alleged and proved in order for the plaintiff to recover at all. Punitive damages may be awarded in either case, but only upon a finding of actual damages. Nominal damages may be awarded even if no actual loss is proven. 34 Ohio Jurisprudence 2d (1958), Libel and Slander, Sections 103-124.

In determining the existence and nature of a slander in the employment reference setting as presented by the instant case, a qualified privilege exists. Thus, an employer may pass on to a prospective employer facts, opinions, or suspicions regarding a former employee and

not be subject to an action for slander. This privilege, however, is destroyed if the statement is made maliciously. *Id.* at Section 94.

In the case at bar we must first look to the complaint to see on what claims the action was based. Paragraph 1 reads as follows:

"Plaintiff says that the Defendant maliciously spoke false and defamatory words to certain persons concerning Plaintiff stating that Defendant thought Plaintiff had been stealing from Brooks Fashion Store and that the books were not straight when Plaintiff was employed there, but had been since Plaintiff left."

The person, Pamela Johnson, to whom the alleged statements were made by appellant, in her testimony, acknowledged very strongly that appellant never said that appellee stole anything. Nor was any other of appellee's witness able to state that appellant said appellee had committed any act of stealing. Further, the alleged statement that the books were not straight at Bobbie Brooks when appellee was employed there, but have been since the appellee left, does not imply dishonesty. At the very most, it may have suggested an inadequacy at record keeping or bookkeeping, neither of which would be necessary to the totally different function of inspection in a plant department at the Electrolytic Division of Diamond Shamrock.

If a slander resulted from that which was recalled by Pamela Johnson in her phone call to appellant, it clearly is because of the listener's interpretation of the words through innuendo, or slander *per quod.*

Thus, as the complaint is based on alleged statements of stealing, refuted by appellee's prime witness who testified in her behalf, and the implication of dishonesty was based on the innuendo of dishonesty because the books simply did not balance, and, coupled with the further complaint that the slander by innuendo

was malicious, we find these assignments of error well-taken.

Appellant argues that the trial court erred in its award of compensatory and punitive damages. Implicit in appellant's argument is the contention that the alleged slander was *per quod,* not *per se.* Appellant also claims qualified privilege since the remarks were made in the employment reference check setting.

The trial court specifically stated that the slander involved in the instant case was slander *per se.* In this the trial court erred. The court's reasoning that appellant's statements that appellee was untrustworthy, irresponsible, and that the books were not straight during her employment, are factual allegations which, even if they were true as to the operation of a business enterprise, can, in no way, be elevated to acts of stealing or dishonesty, especially when the alleged slanderous words such as "stealing" were never used, but were what the listener chose to believe based on innuendo.

When the spoken words such as allegations of stealing or dishonesty admittedly were never used, but were merely assumed by the innuendo of the listener, whose recollection is only vague as to what was actually said, and whose reason for calling in the one instance was at the request of the plaintiff and not for her own purpose, the innuendo relied on as fact as demonstrated in this case does not warrant or support a judgment of simple slander alone, let alone that of slander done maliciously.

Assignments of Error Nos. 3, 4, 6, 7 and Supplemental are well-taken. The judgment of the trial court is reversed and final judgment is rendered for the defendant.

*Judgment reversed.*

COOK, J., concurs.

DAHLING, J., dissents.