James C. **BURT**, Plaintiff,

v.

**CBS, INC., et al., Defendants.**

**No. C–3–90–092.**

United States District Court, S.D. Ohio, W.D.

Sept. 24, 1990.

Opinion on Motion for Summary Judgment April 17, 1991.

Earl H. Moore, Jr., Dayton, Ohio, for plaintiff.

Robert E. Portune, Thomas H. Pyper and Ronald J. Kozar, Dayton, Ohio, Douglas P. Jacobs, Susanna M. Lowery, New York City, for defendants.

RICE, District Judge.

This case arises out of an October 29, 1988 television broadcast by Defendant CBS, Inc., ("CBS") on its program entitled "West 57th Street." In his Amended Complaint (Doc. # 2), Plaintiff alleges that the program violated the Federal Communications Commission's personal attack rule, 47 C.F.R. § 73.1920, and that it defamed him. Defendants[1] have moved to dismiss Plaintiffs' Amended Complaint, arguing that there is no private right of action under the personal attack rule and that Plaintiff's defamation claim is barred by the applicable statute of limitations, Ohio Rev.Code § 2305.11(A).[2] See Doc. # 5.

In response to that branch of the motion in which Defendants contend there is no private right of action under the personal attack rule, Plaintiff, although not contesting Defendants' contention, asserts that a prima facie violation of the rule exists which will be fully established with extrinsic evidence. As to Defendants' contention that the statute of limitations bars his defamation claim, Plaintiff states that the program was repeated within one year of the filing of the Amended Complaint. There-fore, Plaintiff argues, the statute of limitations does not bar his defamation claim. To support this assertion, Plaintiff appends the affidavit of counsel to his memorandum in opposition to the motion to dismiss,[3] stating that the program was aired a second time, within one year of March 5, 1990. Defendants' response was a motion to strike the affidavit and a request that its time to file a reply memorandum be extended until after the Court ruled upon their motion to strike. See Doc. # 8.

For reasons that follow, the Court hereby sustains in part and stays in part in Defendants' Motion to Dismiss (Doc. # 5); directs Plaintiff to file a motion for leave to file a second amended complaint, and overrules Defendants' Motion to Strike (Doc. # 8).

First, there simply is no private right of action under the personal attack rule. *Lechtner v. Brownyard,* 679 F.2d 322 (3d Cir.1982). Notwithstanding Plaintiff's contention that he has established a prima facie violation of the rule, the Court does not read his memorandum (Doc. # 7) as arguing that he has a private right of action. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court concludes that Plaintiff has failed to state a claim upon which relief can be granted for a violation of the personal attack rule. Therefore, the Court sustains the branch of Defendants' Motion to Dismiss (Doc. # 5) addressed to Plaintiff's claim under the personal attack rule.

As stated above, Plaintiff's response to the branch of Defendants' motion directed at his defamation claim was to say that the claim is not barred by the statute of limitations because the program was rebroadcast less than one year before the Amended Complaint was filed. In the interests of a prompt, efficient and just resolution of this

---

**1.** In addition to CBS, the Defendants are Vickie Samuels and Karen Burnes, alleged to be respectively the show's producer and reporter.

**2.** Section 2305.11(A) provides in part, "An action for libel, slander ... shall be commenced within one year after the cause of action accrued...."

**3.** Plaintiff's memorandum in opposition to Defendants' motion to dismiss is Doc. # 7.

dispute,[4] the Court hereby directs Plaintiff to file a motion for leave to amend, appended to which must be a proposed second amended complaint.[5] The second amended complaint must set forth, within the strictures of Rule 11, sufficient allegations to defeat Defendants' statute of limitations argument.[6] The motion for leave to amend must be filed within 20 days of the entry of this decision. If Defendants oppose the motion for leave to amend, the parties shall brief the motion in accordance with the local rules. The Court will then take the matter under advisement and either sustain the motion for leave to amend, thus mooting the second branch of Defendants' motion to dismiss, or overrule the motion for leave to amend and sustain the second branch of Defendants' motion to dismiss.[7]

## ON MOTION FOR SUMMARY JUDGMENT

This case arises out of a television broadcast by Defendant CBS, Inc., ("CBS") on October 22 or 29, 1988, of a report about the Plaintiff's medical practice on its program entitled "West 57th Street." In his second amended complaint (Doc. # 11), Plaintiff alleges that the program defamed him. This case is now before the Court on Defendants[1] motion to dismiss Plaintiffs' second amended complaint, or in the alternative for summary judgment (Doc. # 13). In their motion (Doc. # 13), Defendants argue that Plaintiff's claim, which is for defamation, is barred by the one year statute

of limitations contained in Ohio Rev.Code § 2305.11(A).[2] Plaintiff has not filed a memorandum in opposition to Defendants' motion to dismiss or in the alternative for summary judgment.

In his initial and amended complaints (Docs. ## 1 and 2), Plaintiff alleged that he was defamed by a Television broadcast which occurred on or about October 29, 1988. Since Plaintiff's complaint was filed on March 5, 1990, Defendants moved to dismiss the Plaintiff's defamation claim, arguing that same was barred by the one-year statute of limitations contained in § 2305.11(A). *See* Doc. # 5. Plaintiff's response was to argue that the television show had been rebroadcast within one year of the filing of the lawsuit. *See* Doc. # 7. Ultimately, the Court allowed Plaintiff to file a second amended complaint alleging that Defendants broadcast the television show less than one year prior to March 5, 1990. In his second amended complaint, Plaintiff alleges that Defendants rebroadcast the television program "after March 5, 1989." Doc. # 11 at ¶ 8.

In support of their motion, Defendants supply the affidavit of Samuel T. Suratt ("Suratt"), the archivist for CBS News.[3] In his affidavit, Suratt states that the television show in question was broadcast three times: October 29, 1988, November 19, 1988, and July 8, 1989. Additionally, Suratt states that neither the program nor a portion of it was broadcast on any

---

4. *See* Rule 1 of the Federal Rules of Civil Procedure.

5. Plaintiff's Amended Complaint only alleges that the program was broadcast on October 29, 1988. Hence if that was the only broadcast of the program, Plaintiff's defamation claim would be barred by the statute of limitations.

6. Parenthetically, the second amended complaint should not include the claim which the Court has dismissed by this order. Also as the Court has dismissed Plaintiff's federal claim, he must include allegations of subject matter jurisdiction.

7. Regardless of how the Court rules on Plaintiff's motion for leave to amend, Defendant's motion to strike will be rendered moot. Therefore, Defendants' Motion to Strike (Doc. # 8) is overruled.

1. In addition to CBS, the Defendants are Vickie Samuels and Karen Burnes, alleged to be the show's producer and reporter, respectively.

2. Section 2305.11(A) provides in part, "An action for libel [or] slander ... shall be commenced within one year after the cause of action accrued...." The statute of limitations begins to run when the allegedly defamatory statement is made. *Rainey v. Shaffer*, 8 Ohio App.3d 262, 456 N.E.2d 1328 (1983).

3. The affidavit is attached to the Defendants' motion (Doc. # 13). The Court deems it necessary to consider Suratt's affidavit in ruling on the Defendants' motion. Therefore, the Court will treat the motion as one solely for summary judgment.

other dates.[4] It is apparent that any defamation claims that the Plaintiff might assert as a result of the first two broadcasts are barred by the statute of limitations, § 2305.11(A). Therefore, Defendants' motion is hereby sustained to the extent that Plaintiff is attempting to assert claims arising out of the October 29, 1988, and November 8, 1988, broadcasts of the program. It is equally apparent that the broadcast of July 8, 1989, occurred less than one year prior to the filing of this lawsuit on March 5, 1990.

■ Nevertheless, Defendants argue that Plaintiff's defamation arising out of the July 8, 1989, broadcast is barred by the statute of limitations. In making this argument, Defendants contend that each distinct publication, or in this case broadcast, of an allegedly defamatory statement creates a separate cause of action. Here, Defendants contend that Plaintiff did not assert a defamation claim arising out of the July 8, 1989, broadcast until he filed his second amended complaint on October 17, 1989, which was more than one year after said broadcast. Therefore, Defendant contends that the claim is barred by the statute of limitations, unless it is saved by the relation back provision in Rule 15(c) of the Federal Rules of Civil Procedure which, not surprisingly, Defendants argue does not apply in this case.

The Court agrees with Defendants that each of the broadcasts of the report constitutes a distinct and separate cause of action. *Restatement Second of Torts*, § 577A and comments a and d. Therefore, Plaintiff had a separate cause of action arising out of the July 8, 1989, broadcast. Additionally, the Court agrees that the first time that Plaintiff set forth a claim in a complaint, amended or otherwise, arising out of that broadcast was in the second amended complaint. The second amended complaint was filed more than a year after the July 8, 1989, broadcast.[5] Therefore, the Court concurs with the Defendants that Plaintiff's claim is time barred unless it is saved by the relation back provision contained in Rule 15(c). It is to that question which the Court now turns.

Rule 15(c) of the Federal Rules of Civil Procedure provides, in part:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

Defendants argue that since each broadcast of the report on the Plaintiff constituted a distinct cause of action for defamation, the July 8, 1989, broadcast did not arise out of the conduct, transaction or occurrence as the prior broadcasts. Therefore, the argument continues, the Plaintiff's second amended complaint does not relate back to the filing of the initial complaint, and it is time barred.

The Court agrees with Defendants' analysis. Courts and commentators alike have said that relation back should not apply in instances where the plaintiff is asserting a new claim for defamation based upon the separate publication of a defamatory statement. *Rickman v. Cone Mills Corp.*, 129 F.R.D. 181 (D.Kan.1989); *Jackson v. Ideal Publishing Corp.*, 274 F.Supp. 318 (E.D.Pa.1967); 6A Wright, Miller & Kane. *Federal Practice and Procedure*, § 1497 at 70–74 ("When plaintiff attempts to allege an entirely different transaction by amendment, Rule 15[c] will not authorize relation back. For example, amendments alleging the separate publication of a libelous statement ... may be subject to the defense of statute of limitations because of a failure to meet the transaction

---

**4.** As the Plaintiff has neglected to submit any evidence which would controvert Suratt's affidavit, the Court, for purposes of ruling on the Defendants' motion, accepts the statements set forth therein.

**5.** The Plaintiff sought leave to file the second amended complaint on October 12, 1990. Doc.

# 10. The second amended complaint was filed on October 17, 1990. Regardless of which of these dates is considered to be the one on which Plaintiff's second amended complaint was "filed" for purposes of tolling the statute of limitations, both dates are more than a year after the July 8, 1989, broadcast.

standard."). Therefore, the Court concludes that Rule 15(c) does not apply to Plaintiff's second amended complaint, and same is barred by the statute of limitations.

Based upon the foregoing, the Court sustains Defendants Motion (Doc. # 13) in its entirety. The Court directs that judgment be entered in favor of Defendants and against Plaintiff, dismissing Plaintiff's second amended complaint with prejudice.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.