JOURNAL ENTRY AND OPINION
Plaintiff-appellant, Donald Bram, appeals the judgment of the Cuyahoga County Court of Common Pleas granting the motion for summary judgment of defendant-appellee, M. Weingold Co. For the reasons set forth below, we affirm.
Appellant brought this action against appellee asserting a claim for defamation, specifically slander. In his deposition, appellant testified that he and appellee had a contractual relationship whereby appellee would supply an empty garbage dumpster to appellant's business, Golden Motors, Inc., and remove the dumpster after appellant had filled it with debris. Appellant testified that he paid appellee with a check each time it supplied a new dumpster.
According to appellant, at approximately 11:00 a.m. on October 15, 1997, he delivered a check for $319 to appellee as payment for appellee's dumpster services. Subsequently, at approximately 1:00 p.m., while appellant was eating lunch in the backyard of a friend's house, he received a call on his pager from appellee. Appellant testified that he returned the page in the presence of his lunch companions, Theodora Smith and Sharon Williams.
According to appellant, an unnamed representative of appellee informed appellant during this telephone conversation that his check had been dishonored by the bank due to insufficient funds and that a cash payment was necessary for appellee to provide further dumpster services. Appellant and appellee's representative agreed to meet at Golden Motors, Inc. in order to resolve the matter.
Appellant testified that he, Smith and Williams subsequently met with one of appellee's salespeople at Golden Motors, Inc. According to appellant, he offered a second check to the Weingold representative, who refused the check and informed appellant that there were insufficient funds in his account to cover the check.
On April 9, 1998, appellant filed suit against appellee. In his complaint, appellant alleged that the statements regarding his check made by appellee's representative on the telephone and in the presence of Smith and Williams were false and defamatory because his bank account allegedly had a balance of over $12,000 when the check was issued. Appellant sought damages in excess of $25,000 for appellee's alleged defamatory statements.
On January 22, 1999, the trial court, without opinion, granted appellee's motion for summary judgment.
Appellant timely appealed, assigning three assignments of error for our review:
 I. THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT ON ALL CAUSE (SIC) OF ACTION BROUGHT BY THE APPELLANT.
 II. THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT (SIC) ON THE SLANDER COMPLAINT, IN THAT THE APPELLANT HAD ESTABLISHED FACTS WHICH IF BELIEVED BY THE TRIER OF FACT WHO (SIC) SUPPORT A VERDICT ON EACH ELEMENT OF SLANDER.
 III. THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGEMENT (SIC) ON THE SLANDER COMPLAINT, IN THAT NO QUALIFIED OR ABSOLUTE PRIVILEGE EXISTED WHICH WOULD APPLY TO THE BUSINESS RELATIONSHIP BETWEEN THE APPELLANT AND THE APPELLEE.
In his assignments of error, appellant contends that the trial court erred in granting appellee's motion for summary judgment because there are issues of fact that preclude summary judgment and appellee's alleged defamatory statements are not protected by any privilege. We will consider appellant's assignments of error together because they arise out of the same law and facts. See App.R. 12(A).
Summary judgment is appropriate when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. Zivich v. Mentor Soccer Club,Inc. (1998), 82 Ohio St.3d 367, 369-370; Temple v. Wean United,Inc. (1977), 50 Ohio St.2d 317, 327. To obtain a summary judgment under Civ.R. 56(C), the moving party bears the initial responsibility of informing the court of the basis for the motion and identifying those portions of the record which support the requested judgment. Vahila v. Hall (1997), 77 Ohio St.3d 421,430. If the moving party discharges this initial burden, the party against whom the motion is made then bears a reciprocal burden of specificity to oppose the motion. Id. See, also,Mitseff v. Wheeler (1988), 38 Ohio St.3d 112. We review the trial court's judgment de novo and use the same standard that the trial court applies under Civ.R. 56(C). See Renner v. DerinAcquisition Corp. (1996), 111 Ohio App.3d 326, 333; N. CoastCable L.P. v. Hanneman (1994), 98 Ohio App.3d 434, 440.
Defamation, which includes both libel and slander, is a false publication causing injury to a person's reputation, or exposing him to public hatred, contempt, ridicule, shame or disgrace, or affecting him adversely in his trade or business. Rogers v.Buckel, 83 Ohio App.3d 653, 659, citing Matalka v. Lagemann
(1985), 21 Ohio App.3d 134, 136. In order to establish a prima facie claim of defamation, a plaintiff must show: 1) a false and defamatory statement concerning another; 2) an unprivileged publication to a third party; 3) fault amounting to at least negligence on the part of the publisher; and 4) the existence of special harm caused by the publication or actionability regarding the statement irrespective of special harm. Akron-Canton WasteOil, Inc. v. Safety-Kleen Oil Serv., Inc. (1992), 81 Ohio App.3d 591,601.
Defamation can be either per se or per quod. To constitute defamation per se, the "words must be of such a nature that courts can presume as a matter of law that they tend to degrade or disgrace the person of whom they are written or spoken, or hold him up to public hatred, contempt or scorn." Moore v. P.W.Publishing Co. (1965), 3 Ohio St.2d 183, 188, cert denied (1966),382 U.S. 978. Conversely, "defamation per quod may occur where a publication, which, of itself, is not libelous, becomes so by the use of an innuendo rendering the apparently harmless words into libelous ones * * *." Id.
Any written or printed statement which falsely charges the plaintiff with the commission of a crime is libelous per se. Oral statements which falsely charge the plaintiff with the commission of a crime involving moral turpitude which subjects the offender to infamous punishment are also libelous per se. Akron-CantonWaste Oil, Inc., supra, citing State v. Smiley (1881), 37 Ohio St. 30; 35 Ohio Jurisprudence 3d (1982) 456, Defamation and Privacy, Section 9.
In an action for slander per se, general damages will be presumed. When the slander is actionable per quod, however, general damages are not presumed and there can be no recovery in the absence of proof of special damage. Rainey v. Shaffer (1983),8 Ohio App.3d 262, 264; Waterman v. Martin, et al. (April 16, 1981), Franklin App. No. 80AP-627, unreported.
In its motion for summary judgment, appellee argued that appellant had failed to establish a prima facie claim of defamation because appellee did not publish the allegedly defamatory statements; the statements were uttered pursuant to a qualified privilege; and appellant had not suffered any damages as a result of the allegedly defamatory statements.
Appellant contends that the trial court erred in granting appellee's motion for summary judgment, however, because this case involves slander per se and, therefore, he did not have to prove any special damages resulting from the allegedly defamatory statements. R.C. 2913.11(A) provides that "no person, with purpose to defraud, shall issue or transfer or cause to be issued or transferred a check or other negotiable instrument, knowing that it will be dishonored." A violation of this statute is a first degree misdemeanor. Therefore, appellant contends, appellee's statements that appellant's check had been dishonored due to insufficient funds accused him of committing a crime — passing a bad check — and, thus, constituted slander per se, for which no proof of damages is necessary. We disagree.
The alleged statements made by appellee do not accuse appellant of violating R.C. 2913.11. There is no evidence that appellee accused appellant of acting with a purpose to defraud it by knowingly passing a bad check. Rather, appellee simply informed appellant that, for whatever reason, his check had bounced and he needed to make a cash payment in order for appellee to provide further dumpster services.
"Slander per se means that the slander is accomplished by the very words spoken. Slander per quod, on the other hand, means that the slander results from the listener's interpretation of the words through innuendo." Rainey v. Shaffer (1983), 8 Ohio App.3d 262,263. See, also, Shifflet v. Thomson Newspapers, Inc.
(1982), 69 Ohio St.2d 179, 186, fn. 8. Here, any alleged slander is clearly a result of appellant's interpretation of the words through innuendo, and, therefore, is slander per quod.
In an action for slander per quod, there can be no recovery absent proof of special damage. Accordingly, appellant was required to allege and prove that he was damaged by appellee's alleged defamatory statements. Appellant's complaint alleged that he suffered both financial damage and damage to his reputation as a result of appellee's alleged defamatory statements. Appellant's deposition testimony, however, clearly demonstrates that he was not damaged by appellee's statements:
Q. To whom has your reputation been damaged?
 A. I couldn't tell you. I don't even know. It could be word of mouth to one to another. I don't know what the future is going to bring.
Q. Question is, can you name one person?
A. No.
 Q. To make sure the record is clear, as you sit here, you cannot name one person that thinks less of you or who now thinks your reputation is less than before this incident happened; is that correct?
A. That's correct.
Thus, according to appellant's own testimony, his reputation is as good now as it was on or before October 15, 1997. Appellant simply could not identify one instance in which someone knew of the alleged defamatory statements and thought less of him as a result.
In addition to his failure to show damage to his reputation, appellant could not identify even one dollar he had lost as a result of the alleged harm done to him. Therefore, because appellant failed to establish any harm, financial or otherwise, as a result of appellee's alleged defamatory statements, his cause of action for defamation fails.
Even assuming, arguendo, that appellee's statements constituted slander per se, appellant's cause of action also fails because there was no "publication" of the allegedly defamatory statements by appellee to any third parties.
Appellant's testimony establishes that appellee paged appellant to advise him that his check had not cleared the bank and that appellant needed to provide a cash payment if he wished to have the dumpster replaced. Appellant returned the page while in the presence of Theodora Smith and Sharon Williams.
Appellant testified that both Smith and Williams learned fromhim that his check had been dishonored due to insufficient funds:
 Q. Let's back up. Theodora Smith learned that M. Weingold claimed that your check had been dishonored, correct?
A. That's correct.
Q. She learned that because you told her, correct?
A. She overheard the conversation on the phone.
 Q. She didn't hear what M. Weingold was saying, she heard what you were saying?
A. That's correct.
Q. Sharon Williams learned of it the same way?
A. Yes.
Q. That Theodora Smith did?
A. Correct.
 Q. So when the three of you went down to the premises to meet the sales representative from M. Weingold, all three of you knew of the problem?
A. Yes.
The first statement at issue, concerning whether or not sufficient funds were available to cover appellant's check, was made to appellant during a private telephone conversation. Appellant testified that neither Theodora Smith, Sharon Williams, nor any other person listened to the conversation through the telephone used by appellant or through any other extension. Consequently, to the extent that Smith and Williams learned the substance of the telephone conversation, it was the result of appellant's publication of appellee's statements.
Moreover, although appellant knew that the purpose of the face-to-face meeting with appellee's representative was to exchange a cash payment for his dishonored check, appellant chose to bring his companions with him to the meeting and, in the presence of his companions, to offer a second check to appellee's representative. Appellee's representative refused to accept the check and purportedly again told appellant there were insufficient funds in his account to cover the check. This statement, which appellant contends was defamatory, did not reveal or make known any information to Smith or Williams that appellant had not already told them.
Appellant argues, however, that appellee is liable for its publication of the statements because appellee "should have anticipated" that appellant would return appellee's page on a portable or cellular telephone and that "any third party with a scanner could monitor the call." Appellant also argues that appellee should have known that the statement in question would be communicated to a third party because a "person would be expected to react and react in a manner which would involve immediately telling those people who were present what had been said." Appellant failed to present any evidence, however, that appellee published the alleged statements to anyone with a scanner listening in on the telephone conversation or, in fact, to any third parties at all. Moreover, appellee is not responsible for appellant's publication of appellee's alleged statements.
Publication is an essential element of a cause of action for slander, whether denominated per se or per quod. Cooper v. GraceBaptist Church (1992), 81 Ohio App.3d 728, 736. Accordingly, because there was no publication by appellee to a third party, appellant's cause of action must fail.[1]
Because appellant failed to establish a prima facie claim of defamation, the trial court properly granted summary judgment in favor of appellee. Appellant's first, second and third assignments of error are overruled.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ____________________________ TIMOTHY E. McMONAGLE, JUDGE.
 DYKE, A.J. and PORTER, J., CONCUR.
[1] Appellee also argues that its statements were protected by a qualified privilege. See Hahn v. Kotten (1975), 43 Ohio St.2d 237,244. Because there was no publication by appellee to a third party, however, the doctrine of qualified privilege is not applicable.