CITY OF. TIFFIN, APPELLANT, *v.* BOARD OF REVIEW, OHIO BUREAU OF EMPLOYMENT SERVICES, APPELLEE.

(No. 82AP-44—Decided April 20, 1982.)

*Mr. Thomas M. Zoller,* director of law, for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Paul C. Koscik,* for appellee.

WHITESIDE, P. J. Appellee Board of Review, Ohio Bureau of Employment Services, has filed a motion to dismiss this appeal contending this court lacks subject-matter jurisdiction because the common pleas court's jurisdiction was not properly invoked.

The judgment of the common pleas court dismissing appellant's, city of Tiffin's, appeal to that court is a final appealable order. This court has jurisdiction to review a judgment of a court of common pleas dismissing a case or an appeal

to that court for lack of jurisdiction. See *Bond* v. *DeLeo* (Feb. 10, 1981), Franklin App. No. 80AP-767, unreported. Adopting appellee's position would result in rendering final a jurisdictional determination of a trial court. The rendering of a correct judgment upon a jurisdictional issue does not render the judgment not subject to review. The appeal to this court is to test the correctness of the judgment of the common pleas court upon its jurisdiction. Thus, the issue raised by appellee's motion is the issue presented by the merits of the appeal. A motion to dismiss could be sustained under such circumstances only if it be determined that the appeal has no arguable merit.

In this case, however, not only does the motion to dismiss raise an issue that can be determined only by a review of the record on appeal, but appellant raises an issue independent of the jurisdictional issue raised by appellee by contending to the effect that its complaint states a claim for relief in declaratory judgment.

While this court is bound by the decisions of the Supreme Court, which would be applicable if the record on appeal reveals the facts to be as claimed by appellee, this is one of the main issues raised by the merits of the appeal itself. A motion to dismiss is not the proper method for an appellee to contest the merits of an appeal, at least unless it be a frivolous appeal.

Here, however, the appellee has apparently confused the jurisdictional requisites for the common pleas court with those for this court, which are established by R.C. 2501.02, 2505.02, 2505.03 and 4141.26(B) and Section 3(B)(2), Article IV, Ohio Constitution. R.C. 4141.26(B) specifically provides that the judgment of the common pleas court may be appealed "as in ordinary civil cases."

Accordingly, the motion to dismiss is overruled.

*Motion overruled.*

REILLY and MCCORMAC, JJ., concur.