LARKINS, Appellant,

v.

G.D. SEARLE & COMPANY et al., Appellees.

[Cite as *Larkins v. G.D. Searle & Co.* (1991), 68 Ohio App.3d 746.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–63.

Decided July 30, 1991.

*Lane, Alton & Horst* and *D. Wesley Newhouse,* for appellant.

*Jones, Day, Reavis & Pogue, Robert M. Duncan* and *Stephanie A. Brett,* for appellees.

*Spater, Gittes, Schulte & Kolman* and *Frederick M. Gittes,* for *amicus curiae.*

BOWMAN, Presiding Judge.

This matter is before this court on the appeal of appellant, Pamela Larkins, from the November 27, 1990 decision of the Franklin County Court of Common Pleas rendered in favor of appellees, G.D. Searle & Company et al.

On May 11, 1990, appellant filed a charge of discrimination with the Ohio Civil Rights Commission ("OCRC") pursuant to R.C. 4112.05. The charge alleged that appellees, G.D. Searle & Company and two of its employees, August Narmont and Rudy Yount, had discriminated against appellant on the basis of sex. On May 16, 1990, appellant filed an action in the Franklin County Court of Common Pleas, asserting claims for sex discrimination pursuant to R.C. 4112.02(A), 4112.99 and 4111.17, unfair labor practice, invasion of privacy, intentional infliction of emotional distress, breach of contract, promissory estoppel, breach of a covenant of good faith and fair dealing, defamation and constructive discharge. Appellees raised an affirmative defense asserting that the trial court lacked the jurisdiction to consider appellant's claims since she had elected to first pursue a charge of discrimination with OCRC and had not exhausted her administrative remedies.

Appellant filed a motion for partial summary judgment in respect to these affirmative defenses that was overruled. In its decision, the trial court *sua sponte* granted summary judgment in favor of appellees. It is from this judgment entry that appellant appeals and asserts the following assignments of error:

"I. The trial court erred in granting summary judgment for the defendants in respect to plaintiff's common law causes of action.

"II. The trial court erred in finding that appellant elected remedies in filing a charge of discrimination with the Ohio Civil Rights Commission, and is therefore barred from asserting claims based on O.R.C. § 4112.99.

"III. The trial court erred in finding that filing a charge of discrimination pursuant to O.R.C. § 4112.05 barred appellant from pursuing claims for wage discrimination pursuant to O.R.C. § 4111.17.

"IV. The trial court erred in sua sponte granting summary judgment to the appellees when no motion for summary judgment was pending."

Initially, appellees argue that the trial court's order dismissing appellant's claims without prejudice does not constitute a final appealable order and, as such, that appellant's appeal should be dismissed. However, in *Tiffin v. Bd. of Review* (1982), 3 Ohio App.3d 467, 3 OBR 548, 446 N.E.2d 207, this court stated as follows:

"The judgment of the common pleas court dismissing appellant's, city of Tiffin's, appeal to that court is a final appealable order. This court has jurisdiction to review a judgment of a court of common pleas dismissing a case or an appeal to that court for lack of jurisdiction. See *Bond v. DeLeo* (Feb. 10, 1981), Franklin App. No. 80AP–767, unreported. * * *"

The trial court's dismissal of the action affects appellant's substantial rights in that the statutes of limitations on many of her common-law actions might well run before her administrative claim is adjudicated. Appellees' argument is without merit.

Each of appellant's assignments of error deals with the issue of whether the trial court properly granted summary judgment in favor of appellees. Summary judgment, Civ.R. 56, is a procedural device designed to terminate litigation and to avoid a formal trial where there are no issues to try. It must be awarded with caution, resolving all doubts and construing the evidence against the moving party, and granted only when it appears from the evidentiary material that reasonable minds can reach only an adverse conclusion as to the party opposing the motion. See *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 24 O.O.3d 1, 433 N.E.2d 615. The moving party has the burden of showing that there is no genuine issue as to any material fact as to the critical issues. When a party moves for summary judgment supported by evidentiary material of the type and character set forth in Civ.R. 56(E), the opposing party has a duty to submit affidavits or other material permitted by Civ.R. 56(C) to show that there is a genuine issue for trial. See *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

In *sua sponte* granting summary judgment in favor of appellees, the trial court concluded that, although R.C. 4112.99 creates a civil cause of action for violations of R.C. Chapter 4112, when appellant filed a charge of discrimination with OCRC pursuant to R.C. 4112.05, she elected to pursue her administrative remedies and must exhaust such remedies before bringing an action in

the common pleas court based on R.C. 4112.02(A), 4112.99, 4111.17 and at common law.

■ In her fourth assignment of error, appellant argues that the trial court erred in granting summary judgment in favor of appellees when no motion for summary judgment was pending before the court. As a general rule, appellant's assertion is correct. See *Marshall v. Aaron* (1984), 15 Ohio St.3d 48, 50–51, 15 OBR 145, 146–148, 472 N.E.2d 335, 338–339; *James R. Soda, Inc. v. United Liberty Life Ins. Co.* (1986), 24 Ohio St.3d 188, 190, 24 OBR 418, 419, 494 N.E.2d 1099, 1100. However, for the reasons which follow, even if appellees had filed a motion for summary judgment in this case, the granting of such would have been improper.

■ In concluding that appellant was required to exhaust her administrative remedies, the trial court relied on its interpretation of the Ohio Supreme Court's decision in *Helmick v. Cincinnati Word Processing, Inc.* (1989), 45 Ohio St.3d 131, 543 N.E.2d 1212. The court held in paragraph two of the syllabus:

"Allowing a plaintiff to pursue common-law remedies in lieu of the relief provided under R.C. Chapter 4112 creates no conflict and serves to supplement the limited protection and coverage of that chapter."

The trial court relied upon the language "in lieu of" for the proposition that the Supreme Court determined that a plaintiff must elect between asserting common-law claims or pursuing the administrative remedies provided by R.C. Chapter 4112. However, the issue involved in the present case was not before the Supreme Court in *Helmick*. The issue involved in *Helmick* was whether R.C. Chapter 4112, as enacted by the legislature, acted to preempt an employee's intentional tort claims against her employer and the court found that R.C. Chapter 4112 was intended to add protections for victims of sexual harassment rather than to reduce the protection and remedies for such conduct. Here, the issue is whether appellant is required to elect among various remedies available and whether filing a complaint with OCRC precludes appellant from pursuing other remedies at the same time.

Appellant points to this court's decision in *Elek v. Huntington Natl. Bank* (Aug. 24, 1989), Franklin App. No. 88AP–1183, unreported, 1989 WL 98437, in support of her contention that a plaintiff need not elect between the remedies available under R.C. Chapter 4112, 4111.17 and at common law, and that a plaintiff may pursue these remedies simultaneously. In *Elek*, this court specifically found that R.C. 4112.99 created a private cause of action for violations of R.C. Chapter 4112. The Ohio Supreme Court recently upheld this

court's decision in *Elek v. Huntington Natl. Bank* (1991), 60 Ohio St.3d 135, 136, 573 N.E.2d 1056, 1058, wherein the court stated that:

" * * * [T]he clear and unambiguous language of the statute provides that a civil action for damages or injunctive relief is afforded by R.C. 4112.99 as an available remedy. Moreover, the section specifically states that the civil action is available to remedy any violation of *this* chapter (*i.e.*, R.C. Chapter 4112). * * * "

With regard to the issue of whether a plaintiff is required to exhaust his administrative remedies before pursuing a cause of action under R.C. 4112.99, this court stated in *Elek*, at 7–8:

"Defendant also contends, apparently as an alternative to its contention that R.C. 4112.99 does not create a private cause of action, that Chapter 4112 requires plaintiff to exhaust his administrative remedies before he can file suit under 4112.99. R.C. 4112.99 does not explicitly require exhaustion of administrative remedies. Defendant, though, asserts that 4112.99 implicitly requires exhaustion because it did not eliminate the exhaustion requirement that existed under previous law. Defendant's assertion is without merit. R.C. Chapter 4112 does not explicitly require exhaustion for the other private cause of action statutes. In addition, although defendant correctly notes that, under current law, a person who cannot take advantage of a private cause of action statute can obtain relief in common pleas court only after receiving a decision from the Ohio Civil Rights Commission, the proceeding in common pleas court is an administrative appeal from the commission's decision rather than a completely *de novo* action. See R.C. 4112.06. A person must indeed 'exhaust' his administrative remedies before appealing to the common pleas court under R.C. 4112.06, but only in the sense that, without an order of the commission, he has nothing from which to appeal. *In short, we find nothing in R.C. Chapter 4112 that would require reading an exhaustion of remedies requirement into R.C. 4112.99.*" (Emphasis added.)

The legislature has not manifested an intent to require a plaintiff alleging sex discrimination to elect between various remedies. For example, the legislature enacted R.C. 4112.08, which requires a plaintiff alleging age discrimination to elect between remedies. R.C. 4112.08 provides as follows:

" * * * [A]ny person filing a charge under section 4112.05 of the Revised Code is, with respect to the practices complained of, thereby barred from instituting a civil action under section 4101.17 or division (N) of section 4112.02 of the Revised Code."

Therefore, with respect to discrimination on the basis of *age*, the legislature has manifested a specific intent and directive that a plaintiff must elect between alternative remedies provided for in the Revised Code and his rights

to pursue administrative relief. As stated earlier, the legislature has not provided a similar mandate for plaintiffs who are filing an action on the basis of sex discrimination. If the legislature had intended to create similar requirements for a plaintiff who had been discriminated against because of sex, the legislature could have provided such.

Furthermore, the administrative process and remedies differ substantially from those remedies which are available under R.C. 4112.99, 4111.17 and at common law. Administratively, if OCRC finds that an employer has engaged in any unlawful discriminatory practice, the commission can order the employer " * * * to cease and desist from such unlawful discriminatory practice and to take such further affirmative or other action as will effectuate the purposes of sections 4112.01 to 4112.08 of the Revised Code, including, but not limited to, hiring, reinstatement, or upgrading of employees with, or without, back pay, admission or restoration to union membership, including a requirement for reports of the manner of compliance. * * * " R.C. 4112.05(G).

Pursuant to R.C. 4112.99, an employer is subject to a civil action for damages, injunctive relief, or any other appropriate relief. Under R.C. 4111.17, a plaintiff can recover not only the difference in wages paid, but also liquidated damages of two times that amount plus attorney fees.

Based on the foregoing, appellant's assignments of error are sustained and the judgment of the Franklin County Court of Common Pleas is reversed. This matter is remanded to the trial court for further proceedings in accordance with this opinion and with applicable law.

*Judgment reversed*
*and cause remanded.*

STRAUSBAUGH and PEGGY BRYANT, JJ., concur.