Karen **HEDRICK**, Plaintiff,

v.

**HONEYWELL, INC.,** Defendant.

**Civ. A. No. 2:90–CV–763.**

United States District Court,
S.D. Ohio.

April 30, 1992.

**294**

Larry Robert Zingarelli, Columbus, Ohio, for plaintiff.

Brian Keith Brittain and Evelyn P. Schonberg, Cleveland, Ohio, for defendant.

## OPINION AND ORDER

GEORGE C. SMITH, District Judge.

Plaintiff originally brought this action under Title VII of the Civil Rights Act of 1964, as amended, ["Title VII"], 42 U.S.C. § 2000e *et seq.,* alleging race and sex-based discrimination in her employment with defendant Honeywell. Plaintiff also asserts various state claims. The action was originally filed in the Court of Common Pleas for Franklin County, Ohio. Defendant subsequently removed the action to this Court on the bases of federal question and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. This matter is now before the Court on defendant's motion for summary judgment and on plaintiff's motion to amend her complaint.

## LEAVE TO AMEND THE COMPLAINT

Plaintiff seeks leave to file a second amended complaint to add a claim of fraud. Rule 15(a) of the Federal Rules of Civil Procedure requires that leave to amend be "freely given when justice so requires." *See also Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). For the following reasons, the Court concludes that justice does not require the grant of leave to further amend the complaint.

The facts supporting the alleged fraud have been patent on the face of the complaint from the outset of this action. Discovery is closed in this action; and plaintiff waited until after the filing of defendant's motion for summary judgment to file her motion.

While delay "that is neither intended to harass nor causes any ascertainable prejudice" does not alone justify denial of leave to amend, *see Tefft v. Seward*, 689 F.2d 637 n. 2 (6th Cir.1982); *Janikowski v. Bendix Corp.*, 823 F.2d 945 (6th Cir.1987); *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir.1980), leave to amend a pleading need not be granted where the pleading, as amended, would nevertheless fail to state a claim. *See Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 248 (6th Cir. 1986); *Neighborhood Development Corp. v. Advisory Council on Historic Preservation*, 632 F.2d 21 (6th Cir.1980). While defendant has not asserted any identifiable prejudice, plaintiff has failed to plead *any* of the essential elements of a cause of action based on fraud, *e.g.*, plaintiff has not identified any material misrepresentation made by the defendant to the plaintiff, any reliance based on any misrepresentation, or any damage as a result. Leave to amend plaintiff's complaint is therefore DENIED.

## SUMMARY JUDGMENT

Summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure, which provides:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

"[T]his standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–

10, 91 L.Ed.2d 202 (1986) (emphasis in original); *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir.1984).

The standard to be applied by the Court on motion for summary judgment mirrors the standard for a directed verdict. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511.

The primary difference between the two motions is procedural; summary judgment motions are usually made before trial and decided on documentary evidence, while directed verdict motions are made at trial and decided on the evidence that has been admitted. *Bill Johnson's Restaurants Inc. v. NLRB*, 461 U.S. 731, 745 n. 11, 103 S.Ct. 2161, 2171, 76 L.Ed.2d 277 (1983). In essence, though, the inquiry under each is the same: whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.

*Id.* 477 U.S. at 251–52, 106 S.Ct. at 2511–12. Accordingly, although summary judgment should be cautiously invoked, it is an integral part of the Federal Rules which are designed "to secure the just, speedy and inexpensive determination of every action." *Celotex*, 477 U.S. at 327, 106 S.Ct. at 2554 (quoting Rule 1 of the Federal Rules of Civil Procedure).

In a motion for summary judgment the moving party bears the "burden of showing the absence of a genuine issue as to any material fact, and for these purposes, the [evidence submitted] must be viewed in the light most favorable to the opposing party." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970) (footnote omitted); *accord, Adams v. Union Carbide Corp.*, 737 F.2d 1453, 1455–56 (6th Cir.1984), *cert. denied*, 469 U.S. 1062, 105 S.Ct. 545, 83 L.Ed.2d 432 (1984). Inferences to be drawn from the underlying facts contained in such materials must be considered in the light most favorable to the party opposing the motion. *United States v. Diebold,*

*Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Watkins v. Northwestern Ohio Tractor Pullers Assoc.,* 630 F.2d 1155, 1158 (6th Cir.1980). Additionally, "unexplained gaps" in materials submitted by the moving party, if pertinent to material issues of fact, justify denial of a motion for summary judgment. *Adickes,* 398 U.S. at 157–60, 90 S.Ct. at 1608–09; *Smith v. Hudson,* 600 F.2d 60, 65 (6th Cir.), *cert. dismissed,* 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979).

If the moving party meets its burden and if adequate time for discovery has been provided, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex,* 477 U.S. at 326, 106 S.Ct. at 2554. The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson,* 477 U.S. at 251, 106 S.Ct. at 2511 (quoting *Improvement Co. v. Munson,* 81 U.S. (14 Wall.) 442, 448, 20 L.Ed. 867 (1872)). As is provided in Fed.R.Civ.P. 56(e):

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Thus, "a party cannot rest on the allegations contained in his ... [pleadings] in opposition to a properly supported motion for summary judgment against him." *First Nat. Bank v. Cities Service Co.,* 391 U.S. 253, 259, 88 S.Ct. 1575, 1577, 20 L.Ed.2d 569 (1968) (footnote omitted).

## A. Title VII Claims

Plaintiff's first three years of employment with defendant were apparently uneventful, and plaintiff was promoted to Customer Service Representative in 1985. Thereafter, plaintiff alleges, she was offered a promotion to Sales Representative I in June of 1988, but at a lower starting salary than that given to male counterparts. Plaintiff declined the offer because of the pay differential. Plaintiff also alleges that, within one week of her lay-off, a black male was hired as a Sales Representative I. Finally, plaintiff asserts that she was not recalled from her lay-off and that lesser qualified males were hired, despite her expressed interest in rejoining Honeywell.[1]

To the extent that plaintiff seeks to pursue independent Title VII claims based on the alleged discriminatory acts of offering her lower pay for the Sales Representative position, and failure to recall her after her lay-off, summary judgment is proper. Defendant asserts, and plaintiff has not responded to that assertion, that these two claims were not included in plaintiff's charge filed with the OCRC. Plaintiff cannot now interject new claims before this Court. To hold otherwise would undermine Title VII's policy of administrative negotiation and conciliation prior to litigation. *See Vinson v. Ford Motor Co.,* 806 F.2d 686, 688 (6th Cir.1986), *cert. denied,* 482 U.S. 906, 107 S.Ct. 2482, 96 L.Ed.2d 375 (1987).

Plaintiff asserts in her remaining Title VII claim that her lay-off was on account of her race and sex. Title VII to the Civil Rights Act of 1964, as amended, prohibits discrimination "against any individual with respect to [her] compensation, terms, conditions, or privileges of employment" on the basis of the individual's race or sex. 42 U.S.C. § 2000e–2(a)(1). The allocation of the burdens of proof and production in

---

**1.** The first and third incidents were not identified in plaintiff's original or amended complaints in this case, nor is there any evidence in the record to indicate that these acts were identified in her original Ohio Civil Rights Commission ["OCRC"] charge. As a result, the Court will consider the first and third incidents only for their evidentiary value of discriminatory intent.

proving employment discrimination under Title VII is well-established. The initial burden rests with the plaintiff to establish a *prima facie* case by proving, by a preponderance of the evidence, facts which, if not explained, give rise to an inference of discrimination by the employer. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). Once a plaintiff meets this initial burden, the burden of production shifts to the employer to articulate some legitimate, non-discriminatory reason for the employment action. *Id.; Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981); *Furnco Construction Corp. v. Waters*, 438 U.S. 567, 577, 98 S.Ct. 2943, 2949, 57 L.Ed.2d 957 (1978); *Wrenn v. Gould*, 808 F.2d 493 (6th Cir.1987). However, plaintiff retains the burden of persuasion at all times. *Burdine*, 450 U.S. at 256, 101 S.Ct. at 1095; *Haynes v. Miller*, 669 F.2d 1125, 1126–27 (6th Cir.1982). Should the employer meet its burden of production, the burden of persuasion shifts back to plaintiff to prove, by a preponderance of the evidence, that the employer's articulated reason for the employment action was mere pretext. *Burdine*, 450 U.S. at 254–56, 101 S.Ct. at 1094–95; *McDonnell Douglas Corp. v. Green*, 411 U.S. at 804, 93 S.Ct. at 1825; *Wrenn v. Gould*, 808 F.2d at 493.

In order for plaintiff in this case to prove a *prima facie* case of disparate treatment, she must establish, by a preponderance of the evidence:

1. that she is a member of protected classes, *i.e.*, that she is white and female,

2. that a similarly situated black or male received dissimilar treatment, and

3. that there exists evidence of a causal connection between plaintiff's sex or race and defendants' alleged discriminatory acts.

**2.** Plaintiff's own assertion that she was offered, and denied, a promotion to Sales Representative I from Customer Service Representative surely

*See Tye v. Board of Education*, 811 F.2d 315 (6th Cir.), *cert. denied*, 484 U.S. 924, 108 S.Ct. 285, 98 L.Ed.2d 246 (1987); *Cooper v. North Olmstead*, 795 F.2d 1265 (6th Cir.1986).

Plaintiff, by reason of her sex and race, is undoubtedly a member of classes protected by Title VII. The first element has therefore been established.

■ Plaintiff has not adduced any evidence, however, to demonstrate that a similarly situated black or male received dissimilar treatment. Plaintiff's position was that of a Customer Service Representative. Plaintiff refers to the hiring of a black male Sales Representative I around the time of her lay-off, but she admits that a Sales Representative I is a higher position than that held by plaintiff.[2] Plaintiff has thus offered no evidence that she was discriminated against in connection with her lay-off. Defendant, on the other hand, has produced evidence to show that plaintiff's lay-off was part of a nation-wide reduction in force, and that plaintiff was the only Customer Service Representative in the Columbus area at the time of her lay-off. *See Boyle Affidavit*, attached to *Defendant's Motion for Summary Judgment*. Defendant has also demonstrated that neither racial or sexual animus motivated its decision to lay plaintiff off. *See id.* Plaintiff has failed to establish a *prima facie* case of disparate treatment in connection with her lay-off. Accordingly, defendant is entitled to summary judgment on plaintiff's Title VII claims.

**B. State Employment Discrimination Claims**

■ Plaintiff also asserts that defendant discriminated against her on the basis of her race and gender in violation of Ohio's employment discrimination statutes. Plaintiff pursued an administrative remedy for these claims under O.R.C. § 4112.05 by filing a charge with the Ohio Civil Rights Commission ["OCRC"], prior to instituting this action. Defendant contends that plain-

demonstrates that the two positions are dissimilar.

tiff's pursuit of administrative remedies under O.R.C. § 4112.05 bars any independent court action under § 4112. The Court cannot agree with this contention.

Defendant cites *Pozzobon v. Parts for Plastics, Inc.*, 770 F.Supp. 376 (N.D.Ohio 1991), for the proposition that an administrative action under § 4112.05 forecloses any subsequent court action under § 4112.-99. *Pozzobon* and other cases hold that a § 4112.05 election precludes an action based on *age discrimination* under § 4101.17 or § 4112.02(N), by virtue of § 4112.08.[3] *See Pozzobon*, 770 F.Supp. 376; *see also Emser v. Curtis Industries, Inc.*, 774 F.Supp. 1076 (N.D.Ohio 1991); *Brown v. Herman's Furniture, Inc.*, 772 F.Supp. 350 (N.D.Ohio 1990); *Pitts v. Dayton Power & Light Co.*, 748 F.Supp. 527 (S.D.Ohio 1989); *Elek v. Huntington Nat'l Bank*, 60 Ohio St.3d 135, 573 N.E.2d 1056 (1991); *Morris v. Kaiser Engineers, Inc.*, 14 Ohio St.3d 45, 471 N.E.2d 471 (1984); *Larkins v. G.D. Searle & Company*, 68 Ohio App.3d 746, 589 N.E.2d 488 (1991). None of these cases requires an election of remedies for other types of alleged employment discrimination, such as discrimination on the basis of race or gender. The mere fact that plaintiff filed a charge with the OCRC does not work to foreclose her pursuit of her claims in court.[4]

■ Defendant also asserts that plaintiff's state law claims are time-barred. It is well established in Ohio that a defense based on the running of the statute of limitations is an affirmative defense, and that the burden of proof rests with the party asserting the defense. *See Velotta v. Leo Petronzio Landscaping, Inc.*, 69 Ohio St.2d 376, 379, 433 N.E.2d 147 (1982); *Lyons v. Farmers Insurance Group of Cos.*, 67 Ohio App.3d 448, 450, 587 N.E.2d 362 (Allen Cty.1990); *Rainey v. Shaffer*, 8

Ohio App.3d 262, 263, 456 N.E.2d 1328 (1983).

Defendant refers to *Thomas v. Shipka*, 818 F.2d 496 (6th Cir.1987), and *Vodila v. Clelland*, 836 F.2d 231 (6th Cir.1987), for the proposition that "the statute of limitations for claims in Ohio dealing with employment discrimination are assigned the one year statute of limitations." *Defendant's Reply Memorandum to Plaintiff's Memorandum Contra Defendant's Motion for Summary Judgment*, p. 10. Both of these cases concern the applicable statute of limitations to be applied to actions filed under 42 U.S.C. § 1983, which of course must be borrowed from state statute. *See Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989).

The holdings in both *Thomas v. Shipka* and *Vodila v. Clelland* concern the statute of limitations to be generally applied in *all* § 1983 actions, not just in those § 1983 actions alleging employment discrimination. The Court in *Thomas* and *Vodila* applied Ohio's one-year statute of limitations governing actions sounding in libel, slander and other intentional torts. O.R.C. § 2305.11. This Court is unpersuaded that § 2305.11 is necessarily applicable to state employment discrimination claims. More important, however, both of these cases were effectively overruled by the subsequent holding that a state's general or residual personal injury statute of limitations controls § 1983 actions. *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573. Defendant has failed to carry its burden of proving that plaintiff's state employment discrimination claims are time-barred.

■ The Court will now proceed to the merits of plaintiff's state employment discrimination claims. The Supreme Court of Ohio has held that the evidentiary stan-

---

**3.** Section 4112.08 provides, in pertinent part, that:

> ... any person filing a charge under section 4112.05 of the Revised Code is, with respect to the practices complained of, thereby barred from instituting a civil action under section 4101.17 or division (N) of section 4112.02 of the Revised Code.

Section 4101.17 is a specific statutory prohibition against age discrimination in employment,

while § 4112.02(N) generally prohibits age discrimination in housing and other areas, as well as in employment.

**4.** Moreover, because diversity of citizenship exists in this action, this Court's jurisdiction is not defeated by the grant of summary judgment as to plaintiff's Title VII claims.

dards and shifting burdens of proof governing Title VII claims are generally applicable to state claims based upon O.R.C. § 4112. *Little Forest Medical Center of Akron v. Ohio Civil Rights Commission,* 61 Ohio St.3d 607, 609–10, 575 N.E.2d 1164 (1991); *Barker v. Scovill, Inc.,* 6 Ohio St.3d 146, 451 N.E.2d 807 (1983); *Plumbers & Steamfitters Joint Apprenticeship Commt. v. Ohio Civil Rights Commission,* 66 Ohio St.2d 192, 196, 421 N.E.2d 128 (1981); *Republic Steel v. Ohio Civil Rights Commission,* 44 Ohio St.2d 178, 339 N.E.2d 658 (1975); *Weiner v. Cuyahoga Community College District,* 19 Ohio St.2d 35, 249 N.E.2d 907 (1969). For the same reasons articulated by this Court in granting summary judgment as to plaintiff's Title VII claims, the Court concludes that defendant is entitled to summary judgment as to plaintiff's claims under O.R.C. § 4112.

## C. Breach of Employment Contract Claims

Plaintiff asserts that she was party to an employment contract with defendant, pointing to policy statements in defendant's Employee Handbook. Plaintiff relies for this claim upon exceptions to the employment-at-will doctrine found in *Mers v. Dispatch Printing Co.,* 19 Ohio St.3d 100, 483 N.E.2d 150 (1985), and *Kelly v. Georgia–Pacific, Corp.,* 46 Ohio St.3d 134, 545 N.E.2d 1244 (1989). Defendant contends that plaintiff was an employee at will, and that no employment contract existed.

█ Plaintiff has failed to produce any evidence to suggest that any agents of the defendant made oral representations regarding her employment upon which plaintiff relied, nor has she produced evidence of such detrimental reliance. Accordingly, plaintiff has not demonstrated any of the elements necessary to prevail upon a theory of promissory estoppel. *See Kelly,* 46 Ohio St.3d at 139, 545 N.E.2d 1244.

Plaintiff appears to rely solely on provisions of an Employee Handbook and the Human Resources Policy for Field Office Locations ["Human Resources Policy"] regarding alleged lay-off rights and asserted rights of recall. Of course, company policy as evidenced by employee handbooks is among the factors to be considered in determining whether an employment-at-will contract has been modified. *Mers,* 19 Ohio St.3d at 104, 483 N.E.2d 150; *Kelly,* 46 Ohio St.3d at 139, 545 N.E.2d 1244. Here, however, the proffered company policy statements do not appear to bind defendant to any alteration of an employment-at-will contract. Plaintiff points specifically to Section III.A of the Human Resources Policy to suggest that defendant was required, by its own policy, to recall plaintiff to a Sales Representative I position. Section III.A provides:

> Employees on the active lay-off listing must be considered for recall to work before new employees with similar qualifications may be hired. Those who formerly held the jobs in the recalled categories should be considered first in the reverse order of lay-off—last person laid off should be first to be recalled. If the first called are unavailable, then consideration should be given to qualified laid-off employees in other job categories in the division, and then to laid-off employees in other divisions of the branch.

Even if this recall policy were held to bind defendant to this method of recall, plaintiff has not demonstrated that defendant hired or recalled any other Customer Service Representative in the Columbus area. On the contrary, defendant has established that plaintiff's lay-off was part of a company-wide reduction in force and that plaintiff's job duties were divided among other employees. *See* Boyle and Rosen Affidavits attached to *Defendant's Motion for Summary Judgment.* Moreover, defendant has demonstrated that the candidates hired to fill several Sales Representative positions at about the time of plaintiff's lay-off were more highly qualified for those positions than was plaintiff. *See id.* Assuming, *arguendo,* that defendant bound itself to strict adherence to its personnel policies, there is no genuine issue of fact to support the proposition that these policies were violated. Defendant is therefore entitled to summary judgment on plaintiff's employment contract claims.

**300**

## CONCLUSION

WHEREUPON, plaintiff's motion for leave to amend the complaint is without merit, and it is therefore DENIED. Defendant's motion for summary judgment is meritorious, and it is therefore GRANTED. The Clerk is DIRECTED to enter JUDGMENT for the defendant.