OPINION
Kristie Smith, plaintiff-appellant, appeals a decision of the Franklin County Court of Common Pleas. The trial court granted a motion for summary judgment filed by Friendship Village of Dublin, Ohio, Inc., defendant-appellee. We reverse and remand.
On September 2, 1997, appellant was hired by appellee as a "home health aid." Appellant asserted in her complaint that she is diabetic and that because of her diabetes, her work schedule needed to be altered to allow her to monitor and maintain her blood sugar. Appellant contends that appellee did not permit her to alter her work schedule and that she was subjected to improper discriminatory treatment due to her disability. Appellant also contends that she failed to receive a promotion due to her disability, and that she was terminated in retaliation for her husband complaining about the alleged discrimination.
Appellant filed a complaint with the Ohio Civil Rights Commission ("commission"). In a letter dated August 24, 1998, the Cleveland regional office of the commission issued a recommendation that no probable cause existed for appellant's complaint. This recommendation was based upon evidence that appellant resigned from her position on October 23, 1997, to enter appellee's nurses aide training class and that appellant "failed the training class and failed to meet an agreed upon schedule for additional training." The letter further stated that the evidence "does not support that you were discharged because of your disability or in retaliation for protesting a protected activity." On October 1, 1998, the commission found that the evidence did not "substantiate that [appellant] was discharged because of her disability or in retaliation for a protected activity." The commission's order also stated: "This determination of the [commission] constitutes a final order of the Commission and is subject to judicial review. Revised Code 4112.06 sets forth the right to obtain judicial review of this order and the mode and procedure thereof."
On October 2, 1998, appellant filed a complaint against appellee in the Franklin County Court of Common Pleas. Appellant alleged that she was filing the action "pursuant to R.C. § 4112.99
and the Ohio common law." Appellant alleged that she was entitled to damages based upon the following legal theories: discrimination in employment, retaliation, and intentional infliction of emotional distress.
On January 11, 1999, appellee filed a motion for summary judgment. In its motion, appellee argued that appellant was barred from filing her action with the trial court because she failed to appeal the decision of the commission. On August 30, 1999, the trial court granted appellee's motion for summary judgment. The court held that appellant "should have filed an appeal with the Ohio Civil Rights Commission pursuant to O.R.C. §4112.06." The court also held that appellant "cannot now file her appeal since thirty days has passed. Furthermore, she cannot file an independent civil action in the court of common pleas since she has already elected an alternative remedy." On October 18, 1999, the trial court journalized its final judgment. Appellant appeals this judgment and presents the following three assignments of error:
 I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEES' MOTION FOR SUMMARY JUDGMENT BECAUSE R.C. § 4112.99 CREATES A DIRECT RIGHT OF ACTION IN COMMON PLEAS COURT FOR PLAINTIFFS WHO HAVE SUFFERED EMPLOYMENT DISCRIMINATION BECAUSE OF HANDICAP.
 II. THE TRIAL COURT ERRED IN DETERMINING THAT PLAINTIFF-APPELLANT SHOULD HAVE FILED AN APPEAL WITH THE OHIO CIVIL RIGHTS COMMISSION PURSUANT TO R.C. § 4112.06.
 III. THE TRIAL COURT ERRED IN DETERMINING THAT PLAINTIFF-APPELLANT COULD NOT FILE AN INDEPENDENT CIVIL ACTION IN THE COURT OF COMMON PLEAS SINCE SHE HAD ALREADY FILED A CHARGE OF DISCRIMINATION WITH THE OHIO CIVIL RIGHTS COMMISSION.
Appellant argues in her first assignment of error that the trial court erred when it granted appellee's motion for summary judgment. Appellant contends that the trial court incorrectly concluded that appellant could not file an independent civil action because she had already elected to file an alternative remedy with the commission. Appellant also argues in her second assignment of error that the trial court erred when it determined that she should have filed an appeal with the commission pursuant to R.C. 4112.06. Appellant further argues in her third assignment of error that the trial court erred when it found that she could not file an independent civil action in the court of common pleas because she had already filed a charge of discrimination with the commission. Because of the similarity of the issues in all of the assignments of error, we will discuss them together.
Pursuant to Civ.R. 56, summary judgment is appropriate when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Zivich v. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367,369-370; Gunsorek v. Pingue (Dec. 2, 1999), Franklin App. No. 99AP-62, unreported, discretionary appeal not allowed (2000),88 Ohio St.3d 1478.
Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party. Welco Industries, Inc. v. Applied Cos.
(1993), 67 Ohio St.3d 344, 346. "Even the inferences to be drawn from the underlying facts contained in the evidentiary materials, such as affidavits and depositions, must be construed in a light most favorable to the party opposing the motion." Hannah v.Dayton Power Light Co. (1998), 82 Ohio St.3d 482, 485. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Baker v. The Buschman Co. (1998),127 Ohio App.3d 561, 566.
It is an unlawful discriminatory practice for any employer, because of handicap, "to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment." R.C. 4112.02(A). "Any person may file a charge with the commission alleging that another person has engaged or is engaging in an unlawful discriminatory practice." R.C. 4112.05(B)(1). Also, R.C. 4112.99 states that "[w]hoever violates this chapter is subject to a civil action for damages, injunctive relief, or any other appropriate relief."
We have previously addressed the issue of whether "a plaintiff must elect between asserting common-law claims or pursuing the administrative remedies provided by R.C. Chapter 4112." Larkins v. G.D. Searle Co. (1991), 68 Ohio App.3d 746,749. In Larkins, we found that a plaintiff asserting a sex discrimination claim was not required to elect between asserting a common-law or an administrative remedy, and that the plaintiff was not required to exhaust his or her administrative remedy before instituting a common-law action pursuant to R.C. 4112.99.
 The legislature has not manifested an intent to require a plaintiff alleging sex discrimination to elect between various remedies. For example, the legislature enacted R.C. 4112.08, which requires a plaintiff alleging age discrimination to elect between remedies. R.C. 4112.08
provides as follows: "* * * [A]ny person filing a charge under section 4112.05 of the Revised Code is, with respect to the practices complained of, thereby barred from instituting a civil action under section 4101.17 or division (N) of section 4112.02 of the Revised Code."
 Therefore, with respect to discrimination on the basis of age, the legislature has manifested a specific intent and directive that a plaintiff must elect between alternative remedies provided for in the Revised Code and his rights to pursue administrative relief. As stated earlier, the legislature has not provided a similar mandate for plaintiffs who are filing an action on the basis of sex discrimination. If the legislature had intended to create similar requirements for a plaintiff who had been discriminated against because of sex, the legislature could have provided such. Id., at 750-751.
We find that the reasoning of Larkins is applicable to the present case. A review of appellant's complaint filed with the trial court on October 2, 1998, shows that it was not intended to be a judicial review of the commission's decision pursuant to R.C. 4112.06. Instead, appellant's complaint was an action filed pursuant to R.C. 4112.99. If the legislature had intended to create a requirement that the plaintiff must elect between a civil or an administrative remedy for handicap discrimination claims similar to age discrimination claims, "the legislature could have provided such."
Accordingly we find that appellant was not barred from filing her complaint with the trial court pursuant to R.C. 4112.99
simply because she had previously filed an administrative claim pursuant to R.C. 4112.05. Therefore, we find that the trial court erred when it found that appellant "cannot file an independent civil action in the court of common pleas since she has already elected an alternative remedy."[1] We also find that the trial court erred when it found that appellant was required to file an appeal with the commission pursuant to R.C. 4112.06 before filing her case with the trial court. Appellant's first, second, and third assignments of error are sustained.
Appellant's three assignments of error are sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law, consistent with our opinion.
 __________________ BROWN, J.
TYACK and PETREE, JJ., concur.
[1] We note that we do not address the issue of whether a plaintiff can maintain simultaneous civil and administrative actions because the facts of the present case do not warrant it.